**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SKIBBE, Individually and on Behalf of and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CURALEAF HOLDINGS, INC., JOSEPH LUSARDI, NEIL DAVIDSON, and JONATHAN FAUCHER,<br><br>Defendants. | Civil Action No.: 1:19-cv-04486-BMC<br><br><u>CLASS ACTION</u><br><br>Hon. Brian M. Cogan |
| SHERRY HUGGINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CURALEAF HOLDINGS, INC., JOSEPH LUSARDI, NEIL DAVIDSON, and JONATHAN FAUCHER,<br><br>Defendants. | Civil Action No.: 2:19-cv-04640-BMC<br><br><u>CLASS ACTION</u><br><br>Hon. Brian M. Cogan |

**<u>STIPULATION AND ORDER GRANTING WARREN BASCH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

1

Lead Plaintiff movants Warren Basch ("Basch") and W. Frank Klun and Laura Klun (the "Kluns") respectfully submit this stipulation and proposed order with regard to the only remaining pending motions for consolidation and appointment as Lead Plaintiff and for approval of Lead Counsel. *See* ECF Nos. 12 (Kluns), 21 (Basch).

WHEREAS, on August 5, 2019, plaintiff Michael Skibbe filed the first securities class action subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA") against Curaleaf Holdings, Inc. and, pursuant to the PSLRA, published notice of the pendency of the action (referred to as the "*Skibbe* notice");

WHEREAS, on August 12, 2019, plaintiff Sherry Huggins filed an additional securities class action against Curaleaf Holdings in this District;

WHEREAS, the *Skibbe* and *Huggins* actions allege substantially identical allegations against the same parties and on behalf of the same class of security holders;

WHEREAS, the PSLRA provides that any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice of the pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A);

WHEREAS, the publication of the *Skibbe* notice set the deadline for investors to seek appointment as Lead Plaintiff by October 4, 2019;

WHEREAS, on October 4, 2019, five movants filed motions in the *Skibbe* action seeking consolidation of the two actions and appointment as Lead Plaintiff. Of the five motions initially filed, the only two movants continuing to seek appointment are Basch and the Kluns. The other movants either withdrew their motions or filed notices of non-opposition;

WHEREAS, the PSLRA requires the Court to appoint the movant or group of movants with the "largest financial interest" in the relief sought by the class in this litigation, and which also make a prima facie showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u4(a)(3)(B)(iii)(l);

WHEREAS, the PSLRA requires the proposed Lead Plaintiff to, subject to Court approval, select and retain counsel to represent the class, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(v);

WHEREAS, counsel for Basch and the Kluns have reviewed the pending Lead Plaintiff motions and have met and conferred regarding their respective positions;

WHEREAS, Basch and the Kluns each have a significant financial interest in the relief sought by the class, and agree that, depending on the metric applied to measure financial interest, each could argue that they have the largest financial interest. Basch and the Kluns also agree that they each made a *prima facie* showing that they otherwise satisfy the adequacy and typicality requirements of Rule 23;

WHEREAS, to conserve the resources of the court, the parties, and for the benefit of the class, Basch and the Kluns have agreed on the resolution of the Lead Plaintiff motions in Basch's favor, subject to the Court's approval;

**NOW THEREFORE, SUBJECT TO THIS COURT'S APPROVAL, BASCH AND THE KLUNS STIPULATE AND AGREE AS FOLLOWS:**

1. The *Skibbe* and *Huggins* actions should be consolidated under Rule 42. All filings in the consolidated action shall be filed under the *Skibbe* docket number and bear the following caption:

| IN RE CURALEAF HOLDINGS, INC. SECURITIES LITIGATION | ~~Case No. 2:19-cv-04640-BMC~~<br>Case No. 1:19-cv-04486-BMC |
|---|---|

2. Basch and the Kluns stipulate and agree that Basch is to be appointed Lead Plaintiff in the above-captioned action, subject to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

3. Basch's counsel, Wolf Haldenstein Adler Freeman & Herz, LLP, is to be appointed as Lead Counsel for the Class.

4. During the course of the litigation, subject to Lead Plaintiff's approval, the Kluns may be added as Additional Plaintiffs and their counsel, Levi & Korsinsky, LLP, may be added to assist in representing the Class as Additional Counsel.

Dated: November 5, 2019  Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ Adam M. Apton
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movants W. Frank Klun and Laura Klun*

Dated: November 5, 2019          **WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**

By: /s/ Matthew M Guiney
Matthew M Guiney
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4761
Fax: 212-686-0114
Email: guiney@whafh.com

*Counsel for Movant Warren Basch*

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Basch is APPOINTED to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u4(a)(3)(B), as amended by the PSLRA, in the above-captioned action and all related actions consolidated pursuant to Paragraph 3 of this Order.

2. Basch's selection of Lead Counsel is APPROVED, and Wolf Haldenstein Adler Freeman & Herz, LLP is APPOINTED as Lead Counsel for the Class. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    a. to brief and argue motions;

    b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c. to direct and coordinate the examination of witnesses in depositions;

d. to act as spokesperson at pretrial conferences;

e. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

f. to initiate and conduct any settlement negotiations with Defendants' counsel;

g. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected Additional Counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

h. to consult with and employ experts;

i. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

j. to perform such other duties as may be expressly authorized by further order of this Court.

[Intentionally blank]

3. This action shall be captioned "In re Curaleaf Holdings, Inc. Securities Litigation" and the file shall be maintained under Case No. 1:19-cv-04486-BMC. Any other subsequently filed, removed, or transferred securities class actions in this District that are related to the claims asserted in the above-captioned action, are hereby are CONSOLIDATED for all purposes pursuant to Federal Rule of Civil Procedure 42(a).

**IT IS SO ORDERED**

Dated: November 6, 2019

                                                HON. BRIAN M. COGAN
                                              UNITED STATES DISTRICT JUDGE