

270 MADISON AVENUE  
NEW YORK, NY 10016  
212 545 4600

750 B STREET - STE 1820  
SAN DIEGO, CA 92101  
619 239 4599

70 W. MADISON STREET - STE 1400  
CHICAGO, IL 60603  
312 984 0000

**MATTHEW M. GUINEY**  
Guiney@whafh.com

June 4, 2020

<u>Via CM/ECF:</u>

The Honorable Brian M. Cogan  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
New York, NY 11201

  Re: *In re Curaleaf Holdings, Inc. Securities Litigation*, No. 1:19-cv-04486-BMC

Dear Judge Cogan:

  Per Your Honor's Individual Practices III.A.2, Plaintiffs request either a pre-motion conference or the grant of the relief requested herein: the striking of the extraneous documents attached to the declaration of Stephen L. Ascher and submitted by Defendants in support of their motion to dismiss the amended class action complaint. (ECF Nos. 42-2 through 42-16).

  Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice maybe taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). "The Second Circuit has emphasized that "before materials outside the record may become the basis for a dismissal, several conditions must be met." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 415 (S.D.N.Y. 2010) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "For example, even if a document is "integral" to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner*, 463 F.3d at 134. Despite the limited instances for which a court may look to materials outside the pleadings, as noted by the Ninth Circuit, there is "a concerning pattern in securities cases like this one: exploiting the [judicial notice and incorporation-by-reference] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

  Here, Defendants fail to seek judicial notice or note the basis upon which the Court should deviate from standard practice to consider the documents appended to the Declaration of Stephen L. Ascher for its decision of the motion. Defendants fail to explicate whether the documents fall within the permissible exceptions to consider materials outside of the four-corners of the Complaint, *i.e.*, are the documents partially quoted in the complaint, *Faulkner*, 463 F.3d at 134; are the documents underlying contracts for an action alleging breach, *id*.; or were the documents relied upon by plaintiff in drafting the complaint and thus integral to the complaint. Defendants make no such explanations and fail to make any demonstration as to why

The Honorable Brian C. Cogan
June 4, 2020

the documents warrant judicial notice, and certainly do not show that there are "no material disputed issues of fact regarding the relevance of the document[s]." *Id*.

Nonetheless, should the Court consider the SEDAR documents appended to the Declaration of Stephen L. Ascher (Exhibits A, C, K, & L), the Court should only take judicial notice of the filings ***not*** for the truth of the matters asserted, but rather to establish the ***existence*** of the filings and the ***fact*** of their contents. *See, e.g.*, *Chechele v. Scheetz*, 466 Fed. Appx. 39, 40-41 (2d Cir. 2012) (finding that the district court did not err in declining to consider SEC filings, which were not incorporated into the complaint, for the truth of their assertions); *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 355 n.5 (2d Cir. 2010) (taking judicial notice of SEC filings not "for their truth, but 'rather to establish the fact of such litigation and related filings'"); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document …. 'only to determine *what* the document[] stated,' and '*not to prove the truth of its contents*.'").

Moreover, there is no circumstance for which the Court should consider Exhibit B, (FDA Press Release); Exhibit E, (Article from *The Street.com*); Exhibits F-G, (Equity Research Reports from Cowen Equity Research); Exhibit I, (Statement from FDA Commissioner Scott Gottlieb); or Exhibit J (Article from *Investor's Business Daily*). These documents are not referenced in the Complaint nor has there been any showing that Plaintiffs relied heavily upon the documents to craft the Complaint. *See, e.g., Difolco v. MSNBC Cable LLC*, 66 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may neverless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint.") (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). None of these documents fall within the exceptions to the general rule that the motion to dismiss should be restricted to the allegations of the complaint.[1]

Accordingly, the Court should not consider the documents appended to the Declaration of Stephen L. Ascher, as Defendants have failed to show that the annexed documents are integral to the Complaint or warrant judicial notice.

Respectfully submitted,

Matthew M. Guiney

---

[1] To the extent Defendants argue these documents are necessary to determine what was in the "public domain," Plaintiffs refer the Court to their brief in opposition to the motion to dismiss filed herewith (Section III.B.3) and note that this defense is factually intensive and inappropriate at this stage in the litigation. *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000).